# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

PATRICIA COHEN,                )

                        )

           Plaintiff,       )

                        )

       v.                )      No.  1:12CV00204 AGF

                        )

RSH & ASSOCIATES, LLC,     )

                        )

          Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for attorney's fees, as provided for in the parties' settlement agreement. Plaintiff filed this action, with the assistance of out-of-state counsel Adam Maxwell, on December 10, 2012, in the Southeastern Division of the Court. Plaintiff claimed that Defendant violated the Fair Debt Collection Practices Act by leaving a single voice message for Plaintiff in an effort to collect a debt owed by Plaintiff, without identifying itself as a debt collector. Defendant made an offer of judgment for $800 within a month of the case being filed. The offer was rejected and settlement negotiations continued, with Plaintiff making progressively higher demands to reflect increasing attorney's fees.

A Rule 16 scheduling conference was held by phone on April 9, 2013. On May 20, 2013, a second out-of-state attorney, Ryan Lee, of Maxwell's firm, entered his appearance on Plaintiff's behalf. On July 29, 2013, Maxwell withdrew as counsel, and Raymond Probst, an attorney in Kansas City, Missouri, entered his appearance as substitute counsel

for Maxwell.   On September 25, 2013, the day before mediation was scheduled, Defendant offered Plaintiff $4,500 to settle the case; the offer was rejected.   At mediation on September 26, 2013, in St. Louis, Missouri, the parties reached a settlement in the amount of $500 for Plaintiff, and providing that attorney's fees and costs would be determined by the Court, with Defendant agreeing that it would not contest Plaintiff's entitlement to reasonable attorney's fees and costs.

Plaintiff now seeks $8,994 in attorney's fees plus $502 in costs, for a total of $9,496. Plaintiff supports her request for fees with documentation that Probst expended 12.2 hours of work on the case, including seven hours to travel to and from St. Louis for the mediation; Maxwell expended 2.2 hours; Lee expended 18.4 hours; and a paralegal expended four hours.   Plaintiff seeks hourly rates of $200, $290, $290, and $145, respectively, based on the four individuals' experience and training and the United States Consumer Law Attorney Fee Survey, a document authored for a trade association of consumer law attorneys.   The motion is supported by declarations by Lee and Probst attesting to their experience and training.   Maxwell did not submit such a declaration. Plaintiff did not initially specify what costs she incurred.

Defendant does not dispute Plaintiff's entitlement to reasonable fees and costs, but argues that both the hourly rates and the times billed are excessive, and that Plaintiff's request for costs should be denied due to her failure to itemize them.   Defendant maintains that Plaintiff's attorneys' hourly rates should be reduced to $170 per hour, the rate

Defendant is paying its counsel in this case; and that the paralegal's hourly rate should be reduced proportionately to $85 per hour.

With respect to hours claimed, Defendant posits that it should not be responsible for fees for the seven hours for Probst to travel to St. Louis for the mediation, fees incurred because Plaintiff selected counsel on the opposite side of the state from the case's venue. Defendant further argues that Plaintiff's attorneys' claimed hours of work are inflated, such as Lee charging .7 hours to review the answer and prepare a memo regarding denials, and Maxwell charging .3 hours to review the answer.

Defendant argues that the lodestar figure[1] should be further adjusted downward due to the limited success, if it was success at all, obtained for Plaintiff. Defendant recommends that the Court apply a downward lodestar adjustment using a multiplier of .20. Adopting Defendant's position would result in total attorney's fees and costs of $829.80.

In reply, Plaintiff has submitted a statement of costs reflecting that the $502 in costs consisted of $450.00 for the filing fee and $52 for service fees.

Upon review of the record, the Court agrees with Defendant that some of the hours claimed are excessive. The Court will allow Lee's and Probst's hourly rates, based upon their experience and training. However, in light of that experience and training, the Court

---

1    "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Local 513, Int'l Union Operating Eng'rs v. Larry Ortmann Contracting, Inc.*, No. 4:08–CV–1177 CAS, 2009 WL 151698, at *2 (E.D. Mo. Jan. 22, 2009).

finds that it is not reasonable to charge Defendant for the work performed by Maxwell, which, with the exception of .7 hours related to the Rule 16, appears to be entirely in the nature of reviewing work done by Lee. In addition, for the .7 hours that the Court will allow, the Court will reduce Maxwell's hourly rate to $200, in light of the absence from the record of information about his training and background.

The Court will allow the paralegal's hourly rate, but will deny the charge for .5 hours of clerical work in mailing the complaint. The Court will also reduce the fees for Probst to travel to and from St. Louis by $600, representing three hours of Probst's time. The Court will allow four hours of time, reflective of the travel time between St. Louis and Cape Girardeau.

The Court further concludes that the resulting figure should be adjusted down by 60% due to the limited nature of Plaintiff's success, in light of the negotiation history of the case. *See Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 580 (8th Cir. 2006) (stating that the lodestar "may be reduced, taking into account the most critical factor, the degree of success obtained, with discretion residing in the district court") (citation omitted); *Thomas v. Nat'l Football League Players Ass'n,* 273 F.3d 1124, 1130, n.9 (D.C. Cir. 2001) (stating that a district court has discretion to consider settlement negotiations in determining reasonableness of fees).

This results in an award of fees in the amount of $3,129.40. Both items sought as costs are recoverable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. No. 33) for attorney's fees and costs is **GRANTED** in the amount of $3,129.40 in attorney's fees and $502.00 in costs.

**IT IS FURTHER ORDERED** that Plaintiff's failure to file dismissal papers within 14 days of the date of this Memorandum and Order will result in dismissal of the action by the Court.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2014.